United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-30675

ABDIQANI MOHAMED JAMA; NASIR MAHAMED MAHAMUD;
HASSAN ABDI; RASHID IBRAHIM; OMAR MOHAMED,

Petitioners-Appellants,

VERSUS

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL; MICHAEL CONWAY,
Bureau of Immigration and Customs Enforcement; BUREAU OF
IMMIGRATION AND CUSTOMS ENFORCEMENT; MICHAEL CHERTOFF, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY

Respondents-Appellees,

Appeal from the United States District Court
For the Western District of Louisiana

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:

The appellants, natives and citizens of Somalia, subject to final orders of removal to that country, challenge the district court's denial of their petition for habeas corpus seeking to enjoin their removal to Somalia.

Treating appellants' appeal of denial of habeas relief as a petition to review the Board of Immigration Appeals' order of removal, we deny the petition based on the Supreme Court's recent

decision in <u>Jama v. Immigration and Customs Enforcement</u>, 125 S.Ct. 694 (2005). Based on that decision, we conclude that Somalia's unwillingness or inability to consent in advance to appellants' removal did not preclude their removal to Somalia as the country of their birth.

I.

It is uncontested that the three appellants are all natives and citizens of Somalia and that they are subject to final orders of removal by immigration judges to that country and they have exhausted all administrative proceedings. Appellants filed a joint petition for habeas corpus pursuant to 28 U.S.C. §§ 1331 and 2241 seeking to enjoin their removal to Somalia. They argued that 8 U.S.C. § 1231(b)(2) prohibits the government from removing aliens to a country without first obtaining official notification of that country's willingness to accept them. Because Somalia has not accepted them--and is probably so unstable it is unable to do so-- they contend they could not be removed to that country.

The district court denied relief and held that under § 1231(b)(2)(E)(i-vii), there was no requirement that the countries designated in subclauses i-vi be willing to accept the alien. The court further held that the plain language of § 1231(b)(2)(E) does not require that Somalia accept appellants as a prerequisite to their removal to that country. The district court stayed its order denying habeas relief pending this appeal.

II.

2

During the pendency of this appeal, Congress passed the REAL ID Act, which amended the judicial review provision of 8 U.S.C. § 1252. A petition for review of the order of removal is now "the sole and exclusive means for judicial review" for most orders of removal including the removal orders issued in appellants' cases. 8 U.S.C. § 1252(a)(5)(Supp. 2005).

As before, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States" under Subchapter II[1] is available only in judicial review of a final order under § 1252. 8 U.S.C. § 1252(b)(9) (1999 & Supp. 2005). The Real ID Act has eliminated any question of the availability of habeas review by adding the following to § 1252(b)(9): "Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact." 8 U.S.C. § 1252(b)(9) (Supp. 2005).

A petition for review must be "filed with the court of appeals for the judicial circuit in which the immigration judge completed

---

[1] Subchapter II, entitled "Immigration," of Chapter 12, "Immigration and Nationality," of Title 8, "Aliens and Nationality."

3

the proceedings." 8 U.S.C. § 1252(b)(2) (1999 & Supp. 2005). The Real ID Act instructed district courts to transfer to the appropriate courts of appeals all 28 U.S.C. § 2241 petitions challenging final orders of removal, deportation, or exclusion pending in the district courts on the date of enactment of the Act, May 11, 2005. Pub. L. 109-13, Div. B, Title I, § 106(c). The courts of appeals are to treat such transferred cases "as if [they] had been filed pursuant to a petition for review," except that the 30-day filing deadline does not apply. Id. This court has promulgated an Administrative Order, dated July 8, 2005, to govern transfers from the district courts to the appropriate appellate court.

The Real ID Act does not address what a court of appeals should do with an appeal from the district court's denial of a § 2241 petition which was pending in the appellate court on the enactment date.[2] The Third Circuit has determined that "[d]espite this silence, it is readily apparent, given Congress' clear intent to have all challenges to removal orders heard in a single forum (the courts of appeals) that those habeas petitions that were pending before this Court on the effective date of the Real ID Act are properly converted to petitions for review and retained by this Court." Bonhometre v. Gonzales, 414 F.3d 442 (3d Cir. July 15, 2005).

---

[2] The July 8, 2005, Administrative Order does not address pending appeals.

4

In <u>Rosales v. Bureau of Immigration and Customs Enforcement</u>, 2005 WL 2292526 (5th Circ.(Tex.)), we agreed with <u>Bonhometre</u> and adopted the Third Circuit's position on this issue. We therefore proceed to consider this appeal as a petition for review of the removal orders.

III.

If this appeal is construed as a petition for review, an additional question is presented: Whether this court is a proper venue to review the petition. A petition for review must be "filed in the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2) (1999 & Supp. 2005). In this case, removal proceedings were completed, inter alia, in Memphis, in San Diego, and in Bloomington, Minnesota. Thus construing this appeal as a petition for review, this court is not a proper venue. See § 1252(b)(2). In <u>Bonhometre</u>, although the construed petition for review could be filed properly only in the First Circuit, the Third Circuit retained the petition. The court concluded that "given that this case has been thoroughly briefed and argued before us, and given that Mr. Bonhometre has waited a long time for the resolution of his claims, we believe it would be a manifest injustice to now transfer this case to another court for duplicative proceedings." <u>Bonhometre</u>, 414 F.3d at 446, n. 5. The unfairness of requiring the parties to relitigate anew in a different forum influences us not to raise the non-

5

jurisdictional venue issue <u>sua sponte</u>.[3]

IV.

Appellants' argument on the merits is squarely foreclosed by the Supreme Court's decision in <u>Jama</u>, as they concede in their supplemental brief. The Supreme Court squarely held that 8 U.S.C. § 1231(b)(2) did not prohibit the United States from removing an alien to Somalia without the advance consent of that country's government. This refutes the specific argument made by petitioners on the merits in this case and controls the outcome of this appeal.

Treating petitioners' appeal from the district court's denial of habeas relief as a petition for review of petitioners' removal orders, we deny the petition.

PETITION FOR REVIEW OF REMOVAL ORDERS DENIED.

---

[3]<u>Cf. Nwaokolo v. INS</u>, 314 F.3d 303, 306 n. 2 (7th Cir. 2002)(holding that 8 U.S.C. § 1252(b)(2) is a venue provision and hence non-jurisdictional).

6