Olatokunbo AMUNIKORO,
Petitioner–Appellant,

v.

SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,
Respondent–Appellee.

Docket No. 05–2127–PR.

United States Court of Appeals,
Second Circuit.

Argued: Dec. 14, 2005.

Decided: Dec. 20, 2005.

Joseph Rotimi Famuyide, Brooklyn, N.Y., for Petitioner–Appellant.

Scott Dunn, Assistant United States Attorney (Steven Kim, Assistant United States Attorney, of counsel), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Respondent–Appellee.

Before: CALABRESI, KATZMANN, and WESLEY, Circuit Judges.

**PER CURIAM.**

Petitioner–Appellant Olatokunbo Amunikoro appeals the district court's dismissal of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. The government argues that the REAL ID Act of 2005, ("REAL ID Act" or "Act"), Pub.L. No. 109–13, 119 Stat. 231, requires that we convert Amunikoro's petition into a petition for review under 8 U.S.C. § 1252, and transfer the petition to the Third Circuit. We agree that the Act compels us to treat Amunikoro's petition as a petition for review of the BIA's final order of removal against him. It is an open question in this circuit whether the Act also requires us to transfer the case to the Third Circuit. Since both venue and jurisdiction properly lie in the Third Circuit, however, we need not resolve that question. Accordingly, we order that the petition be converted into a petition for review and transferred to the Third Circuit.

### Background

The facts are largely undisputed. Amunikoro, a native of Nigeria, was admitted to the United States as a non-immigrant visitor on April 23, 1988. He overstayed his visa, but on January 26, 1995, he married an American citizen. Amunikoro subsequently applied for adjustment of status to lawful permanent resident. He indicated on his I–485 application that he did not have any children. This statement was false, as Amunikoro fathered a son in 1990.

Amunikoro also stated that he had not been charged with or convicted of a crime. In April 1995, during the pendency of his application, he was arrested on attempted forgery charges, to which he pleaded guilty in September 1995; he was sentenced to five years probation. Two months later, during an interview with an immigration official, he affirmed both that he had no children and that he had not been charged with or convicted of a crime.

Amunikoro's status was subsequently changed to conditional permanent resident.

While on conditional status, Amunikoro was arrested again, for fraudulent use of a credit card, to which he pleaded guilty on March 3, 1997.

In November 1997, Amunikoro petitioned to remove the "conditional" qualifier from his lawful permanent resident status. In his interview with an immigration official, he again affirmed, falsely, that he did not have any children and that he had not been charged with or convicted of a crime. His application was approved, and Amunikoro was granted lawful permanent resident status on February 25, 1999.

More than four years later, upon his return to the United States from a brief visit to Nigeria, Amunikoro was placed in removal proceedings and charged with inadmissibility, as an alien who had been convicted of a crime involving moral turpitude, see 8 U.S.C. § 1182(a)(2)(A)(i)(I). Amunikoro conceded removability under the statute, but applied for (1) a discretionary waiver of deportation pursuant to former § 212(c) of the Immigration and Nationality Act ("INA"); (2) cancellation of removal under INA § 240A(a), codified at 8 U.S.C. § 1229b(a); and (3) a waiver pursuant to INA § 212(h), codified at 8 U.S.C. § 1182(h).

The Immigration Judge ("IJ") denied Amunikoro's application for discretionary relief and ordered him removed. The IJ found Amunikoro ineligible for discretionary relief because the original grant of permanent resident status was defective, owing to Amunikoro's criminal convictions and misrepresentations. On November 23, 2004, the BIA summarily affirmed, without opinion, the IJ's decision, see 8 C.F.R. § 1003.1(e)(4).

Amunikoro filed the present § 2241 habeas corpus petition on March 2, 2005. He claims that he was denied due process of law at his removal proceeding because, he says, the IJ ordered him removed on a ground, fraud, for which he was not charged in his original Notice to Appear. The district court rejected this contention, holding that Amunikoro was ordered removed not because of his fraudulent statements, but because of his criminal convictions. And since Amunikoro had not been "lawfully" admitted as a permanent resident, he was statutorily ineligible for discretionary waivers.

Amunikoro, who currently is confined in Passaic County Jail in Paterson, N.J., timely filed a notice of appeal from the district court's judgment.

## Discussion

█ Amunikoro is one of a handful of habeas petitioners whose cases the passage of the REAL ID Act left in procedural limbo. The Act "eliminates habeas corpus review of orders of removal and requires that any § 2241 petition pending in the district court at the time of its enactment be transferred to the court of appeals in which the petition could have been properly brought as a petition for review from a final order of removal under 8 U.S.C. § 1252." *Marquez–Almanzar v. INS*, 418 F.3d 210, 212 (2d Cir. 2005). Recently, in *Gittens v. Menifee*, 428 F.3d 382 (2d Cir.2005)(per curiam), we clarified the procedural disposition of those habeas petitions that were pending, not in a district court, but on appeal in our court, at the time of the enactment of the REAL ID Act. Joining several of our sister circuits,[1] we concluded that a § 2241 habeas petition pending before the court of appeals at the time of enactment is

---

1. *See, e.g., Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733 (5th Cir. 2005); *Alvarez–Barajas v. Gonzales*, 418 F.3d 1050 (9th Cir.2005); *Bonhometre v. Gonzales*, 414 F.3d 442 (3d Cir.2005).

properly converted into a petition for review under 8 U.S.C. § 1252.

Neither the *Gittens* court, however, nor any other court in our circuit, has yet determined whether the REAL ID Act requires our court, as it does the district court, to transfer § 2241 petitions to the court of appeals in which the petition could have been brought as a petition for review of a final order of removal. The INA states that such a petition "shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). In Amunikoro's case, the immigration judge completed the removal proceedings in New Jersey. Were Amunikoro's habeas petition pending in the district court at the time of the enactment of the REAL ID Act, then, the Act would unambiguously require that court to transfer the case to the Third Circuit.

Whether a court of appeals is jurisdictionally compelled to do the same, however, is open to interpretation. The REAL ID Act amended the INA to state that "[a] petition for review filed with an *appropriate* court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act." 8 U.S.C. § 1252(a)(5) (emphasis added). The "appropriate" court of appeals with which Amunikoro's petition would have been filed as a petition for review is the Third Circuit. Moreover, in *Gittens,* we cited with approval the reasoning of the First Circuit, that a case pending before our court "remain[s] alive in the lower court although dormant," *Ishak v. Gonzales,* 422 F.3d 22, 30 (1st Cir. 2005) (cited in *Gittens,* 428 F.3d at 386 n. 4), and therefore is, in effect, pending in the district court and subject to the mandates of the REAL ID Act.

On the other hand, courts in our sister circuits that have considered cases in the same posture as Amunikoro's have concluded that the INA does not require them to transfer the cases to the respective courts of appeals that, under 8 U.S.C. § 1252, would be appropriate in the first instance. *See Jama v. Gonzales,* 431 F.3d 230, 2005 WL 3047263, at *2 (5th Cir.2005) (keeping the petition in the Fifth Circuit even though "this court is not a proper venue" because of the "unfairness of requiring the parties to relitigate anew in a different forum"); *Bonhometre,* 414 F.3d at 446 n. 5 (holding that, although the petition "may not be properly before us," the case "has been thoroughly briefed and argued . . . and [petitioner] has waited a long time for the resolution of his claims"). Both the *Jama* and the *Bonhometre* courts cited to the Seventh Circuit's decision in *Nwaokolo v. INS,* 314 F.3d 303 (7th Cir. 2002), which held that 8 U.S.C. § 1252(b)(2) is in the nature of a "venue" provision rather than a "jurisdiction" provision. *Id.* at 306 n. 2. And it is well-settled that "[v]enue requirements are normally for the convenience of the parties and, if the parties do not object, there is no policy objection to proceeding in any court with jurisdiction." *Georcely v. Ashcroft,* 375 F.3d 45, 49 (1st Cir.2004); *see United States v. Calderon,* 243 F.3d 587, 590 (2d Cir.2001).

■ There will be time enough to resolve the question of whether we are *compelled,* as a jurisdictional matter, to transfer cases such as Amunikoro's,[2] but that time is not now. Venue, we have held, "is a concept of convenience," *Rutland Ry. Corp. v. Bhd. of Locomotive Eng'rs,* 307 F.2d 21, 29 (2d Cir.1962). The government expressly requests that we transfer the case to the Third Circuit, and Amunikoro has given us no reason to conclude

---

**2.** We note, in this regard, that this issue is currently before another panel of our court, which has ordered specific briefing on the question.

that the Third Circuit is an inconvenient or unjust forum for his petition. Indeed, Amunikoro conceded at oral argument that it would be appropriate, under the circumstances, to transfer his petition to the Third Circuit.

Taking no position on the ultimate merits of Amunikoro's case, we therefore convert the petition into a § 1252 petition for review and transfer it to the Court of Appeals for the Third Circuit for whatever resolution that court deems appropriate.