# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2010

Lyle W. Cayce
Clerk

No. 09-60631
Summary Calendar

FILIPPO SARDELLA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A018 592 352

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Filippo Sardella, a citizen and native of Italy, petitions this court for review of the Board of Immigration Appeals' (BIA's) order affirming the Immigration Judge's (IJ's) final order of removal and the IJ's denial of his application for cancellation of removal. In his petition for review, Sardella does not contest the BIA's determination that he was removable as charged because he had two prior convictions for crimes involving moral turpitude and one prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction for a controlled substance offense. Instead, he raises claims concerning the denial of his application for cancellation of removal.

Sardella, who was convicted in 2005 of possession of crack cocaine in New York and who had prior state drug convictions, contends that the BIA erred by treating his 2005 conviction as equivalent to an aggravated felony under the recidivist provisions of the Controlled Substances Act. *See* 21 U.S.C. § 844(a). The BIA correctly determined that Sardella should be considered as having committed an aggravated felony for immigration law purposes. *See Carachuri-Rosendo v. Holder*, 570 F.3d 263, 265-68 (5th Cir. 2009), *cert. granted*, 130 S.Ct. 1012 (Dec. 14, 2009) (No. 09-60). Therefore, as the BIA concluded, Sardella was ineligible for cancellation of removal under 8 U.S.C. § 1229b.

The remaining arguments raised in Sardella's petition for review likewise fail to show error in connection with the BIA's decision. His contention that venue is improper in this court is unavailing. Because his immigration proceedings were completed in a location within this circuit, venue is proper in this court. *See Jama v. Gonzales*, 431 F.3d 230, 232 (5th Cir. 2005); *see also* 8 U.S.C. § 1252(b)(2). Insofar as Sardella raises a challenge to the decision of the Department of Homeland Security concerning the location in which he was detained, this challenge is unavailing because such decisions are not amenable to judicial review. *See* 8 U.S.C. § 1226(e).

Finally, Sardella's due process claim fails because the record shows that he received all the process he was due. *See Manzano-Garcia v. Gonzales*, 413 F.3d 462, 470-71 (5th Cir. 2005). He received notice of the charges against him, and the immigration judge who conducted the proceedings conducted several hearings at which counsel spoke on his behalf. *See id.* To the extent he contends that his due process rights were infringed because he did not receive a hearing on his request for cancellation of removal in his preferred location, this argument fails because he had no right to such a hearing. *See Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006). The petition for review is DENIED.