11-1249-ag
Maldonado-Padilla v. Holder

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

August Term, 2010

(Calendar: June 14, 2011    Decided: June 24, 2011)

Docket No. 11-1249-ag

- - - - - - - - - - - - - - - - - - - - -x

LUISA MALDONADO-PADILLA,

Petitioner,

- v.-

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

- - - - - - - - - - - - - - - - - - - - -x

Before:      JACOBS, Chief Judge, in Chambers.

The petition for review is transferred sua sponte to the Fifth Circuit Court of Appeals based on improper venue. I must determine, on this single-judge motion, whether to exercise discretion to grant a temporary stay of removal pending completion of the transfer. For the following reasons, the stay is denied.

Luisa Maldonado-Padilla, pro se, Brooklyn, New York, Petitioner.

Edward Clark Durant, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

DENNIS JACOBS, Chief Judge:

This matter is before me as a one-judge motion to determine whether this petition should be transferred sua sponte to the Fifth Circuit Court of Appeals, which is where the underlying immigration proceedings took place, and whether to grant petitioner Luisa Maldonado-Padilla's motion for a stay of removal pending completion of the transfer of venue.

The petition for review should have been filed in the Fifth Circuit and transfer of venue is appropriate. 8 U.S.C. § 1252(b)(2); see also Moreno-Bravo v. Gonzales, 463 F.3d 253, 257 (2d Cir. 2006). Maldonado-Padilla's motion for a stay of deportation, Certified Administrative Record ("CAR") at 5, is properly construed as seeking a stay pending completion of the transfer of her petition for review. That is because, upon transfer of the petition for review, jurisdiction will vest with the Fifth Circuit and

2

this Court will no longer have jurisdiction.  See In re Warrick, 70 F.3d 736, 739 (2d Cir. 1995) (observing that generally, when a motion for a transfer is granted and the papers lodged with the transferee court, the transferor court no longer possesses jurisdiction).  As the Supreme Court has made clear, "[a] stay is not a matter of right," and under the circumstances of this case I decline to exercise my discretion to impose a stay of removal pending completion of the transfer of venue.  Nken v. Holder, 129 S. Ct. 1749, 1760 (2009) (internal quotation marks omitted).

**BACKGROUND**

Luisa Maldonado-Padilla, a native and citizen of Ecuador, entered the United States in 1994 without documentation.  CAR at 5.  Upon her entry into Texas, she was detained by the Border Patrol.  Id.  She was personally served with an Order to Show Cause that advised of her obligation to provide a current mailing address to the Immigration Court.  Id. at 17.  Maldonado-Padilla was released from custody after the posting of a bond and she provided a mailing address in New Jersey.  Id. at 5.  She never provided a new or updated address.  Notice of a removal hearing was mailed to the address she provided, but

3

it was returned indicating that she had moved.  Id. at 17.

Maldonado-Padilla failed to appear for her removal hearing, and was consequently ordered removed in absentia.  Id.  Nearly fifteen years later, Maldonado-Padilla moved to reopen her removal proceedings on the ground that she did not receive notice of the hearing.  She also urged the immigration court to reopen removal proceedings on the ground that she was now eligible to adjust her status to that of a lawful permanent resident.  Id. at 19.  The immigration judge denied Maldonado-Padilla's motion to reopen, finding that the in absentia order was properly entered because the notice of the removal hearing had been mailed to the last address provided by the petitioner.  See Lopes v. Gonzales, 468 F.3d 81, 84 (2d Cir. 2006) (per curiam).  The motion to adjust her status was rejected as untimely.  See 8 C.F.R. § 1003.23(b)(1).  Finally, the immigration court found no "exceptional circumstance[]" that might justify an exercise of discretion to reopen the proceeding sua sponte.  In re J-J-, 21 I. & N. Dec. 976, 976 (BIA 1997); see also 8 C.F.R. § 1003.2(a).

The Board of Immigration Appeals ("BIA") dismissed Maldonado-Padilla's appeal from the denial of her motion to

4

reopen, agreeing with the immigration judge that she was "adequately notified of her hearing." CAR at 17. The BIA further observed that Maldonado-Padilla was not entitled to receive actual notice of her removal hearing because she concededly "did not comply with her obligation to provide and update her mailing address to the Immigration Court." CAR at 17, 19. The agency emphasized that Maldonado-Padilla was aware that she was subject to removal since at least 2004, but "allowed nearly another six years to elapse before filing a motion to reopen." CAR at 19. Maldonado-Padilla seeks review of the decision of the BIA in this Court.

                                    I

A petition for review "shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). In this case, that court is the Court of Appeals for the Fifth Circuit. See 28 U.S.C. § 41. Although § 1252(b)(2) is not a jurisdictional mandate and I am not compelled to transfer this petition, I nonetheless deem transfer appropriate under the circumstances of this case. Moreno-Bravo, 463 F.3d at 257-58. Certainly, no reason has been presented that would cause me to conclude that the Fifth

5

Circuit is an "unjust forum for [t]his petition." Amunikoro v. Sec'y of Dep't of Homeland Sec., 432 F.3d 383, 387 (2d Cir. 2005).

True, "[v]enue is a doctrine of convenience of the forum[,]" and "[d]omicile is usually the best measure of that convenience." Kahane v. Carlson, 527 F.2d 492, 494 (2d Cir. 1975). In the context of a petition for review of a denial of a motion to reopen, however, Congress has specified the proper venue. Absent some compelling reason (not present here), a petitioner should not be able to choose otherwise. See Trejo-Mejia v. Holder, 593 F.3d 913, 915-16 (9th Cir. 2010) (concluding "transfer would serve the interest of justice" when petition for review filed in wrong circuit court).

## II

The grant or denial of a stay is a matter committed to discretion. Nken, 129 S. Ct. at 1760. There have been instances in which this Court has issued a stay of removal pending the arrival of papers in a proper venue. However, "[a] stay is an intrusion into the ordinary processes of administration and judicial review," id. at 1757 (internal quotation marks omitted), and "[t]he party requesting a stay

6

bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion," id. at 1761. Here, Maldonado-Padilla has not sustained her burden of demonstrating why a stay should be granted: no showing of likely success on the merits has been made; no substantial legal question has been raised; and, "[a]lthough removal is a serious burden . . ., it is not categorically irreparable." Id. Moreover, "[t]here is always a public interest in prompt execution of removal orders," id. at 1762, and that interest has already been disserved by the prolonged delay in these proceedings. I may not "simply assume that ordinarily, the balance of hardships will weigh heavily in the [petitioner's] favor." Id. (internal alterations and quotation marks omitted).

Prior to the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, "aliens appealing a decision of the BIA were generally entitled to an automatic stay of their orders of removal pending judicial review." Leiva-Perez v. Holder, 640 F.3d 962, 2011 WL 1204334, at *1 (9th Cir. Apr. 1, 2011) (per curiam). "Congress eliminated the automatic stay provision, but left intact the authority of the courts of appeal to grant stays

as a matter of discretion." Id. I decline to grant a stay as a matter of course as if it were (as once it was) a matter of right.

On the present record, I cannot conclude that this petition was filed in this Circuit with the intention of effectuating a delay of the proceedings that may ultimately lead to Maldonado-Padilla's removal. See Rosendo-Ramirez v. INS, 32 F.3d 1085, 1092 (7th Cir. 1994) (concluding it did not appear that the parties had engaged in forum-shopping). At the same time, the venue error has had that effect. Accordingly, as a prudential matter, I decline to exercise my discretion to grant a stay to guard against possible removal while this petition is transferred to the court in which it should have been brought to begin with. See Michael v. INS, 48 F.3d 657, 666 (2d Cir. 1995) (observing that even if this Court had the power to grant the "extraordinary relief" of a stay, "every prudential consideration argues against it") (Jacobs, C.J., dissenting).

For the foregoing reasons, the petition for review is transferred to the United States Court of Appeals for the Fifth Circuit and the motion for a temporary stay of removal pending completion of the transfer is denied.