**Tracy ALBERT, et al., Plaintiffs,**

**v.**

**BLUE DIAMOND GROWERS, Defendant.**

**15 Civ. 4087 (VM)**

United States District Court, S.D. New York.

Signed 01/09/2017

Filed 01/10/2017

James Clayton Kelly, The Law Offices of James C. Kelly, Lester L. Levy, Sr., Matthew Tucker Insley–Pruitt, Wolf Popper LLP, New York, NY, for Plaintiffs.

Megan Oliver Thompson, Hanson Bridgett LLP, San Francisco, CA, Alexandra Davidson, Pollack Solomon Duffy LLP, New York, NY, Joshua L. Solomon, Sullivan & Worcester LLP, Boston, MA, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Plaintiffs Tracy Albert, Dimitrios Malaxianis, and Tatyana Oshkina (collectively, "Plaintiffs") brought the consumer class action before this Court on behalf of themselves and all others similarly situated asserting misrepresentation claims against Blue Diamond Growers ("Blue Diamond"). Blue Diamond now moves to stay this action pending approval of settlement proceedings in a parallel action brought against Blue Diamond, Townsend v. Blue Diamond Growers, No. CV–14–958–4 (Circuit Court of Washington County, Arkansas) (filed on May 28, 2014). ("Motion", Dkt. No. 78.) For the reasons stated below, Blue Diamond's Motion is GRANTED.

## I. FACTUAL BACKGROUND [1]

Plaintiffs are consumers in New York and California who purchased Blue Diamond's Almond Breeze almond milk labeled products for personal consumption at various times between January 2012 to June 2015.

Plaintiffs allege that, from January 1, 2009 up to and including the present ("Blue Diamond Class Period"), Blue Diamond purposefully misrepresented that its almond milk-labeled products, namely Almond Breeze almond milk, are heart healthy and contain a significant amount of almonds, when, in fact, they actually contain only two percent almonds. Specifically, Plaintiffs claim that Blue Diamond made the following misrepresentations that would be likely to mislead a reasonable consumer: (1) the number of almonds pictured on the Almond Breeze packaging; (2) the packaging states that Almond Breeze is certified by the American Heart Association as a "heart healthy food"; (3) the packaging and/or Blue Diamond's website describes Almond Breeze as almond milk made from real almonds; and (4) Almond Breeze's Facebook page states that Almond Breeze contains more almonds than it actually does.

In the first and second amended complaints, Plaintiffs assert three causes of action: (1) violation of New York General Business Law Section 349; (2) violation of California Business and Professions Code Section 17200; and (3) unjust enrichment. Plaintiffs seek declaratory relief, restitution, disgorgement of Defendants' revenues, compensatory damages, and punitive damages. (Dkt. Nos. 14, 38.) Plaintiffs also seek attorneys' fees and costs, and any

---

1. The factual background below, except as otherwise noted, derives from the two amended complaints and the facts pleaded therein. (See Dkt. Nos. 14, 38.) Except where specifically quoted, no further citation will be made to the two amended complaints or the documents referred to therein.

such other and further relief the Court may deem appropriate.

This case is one of many regarding the labeling statements made on Blue Diamond's Almond Breeze almond products. (See Melvin v. Blue Diamond Growers, No. BC532044 (Los Angeles County Superior Court)(filed January 2, 2014)); Townsend, No. CV–14–958–4 (Circuit Court of Washington County Arkansas) (filed on May 28, 2014); Vass v. Blue Diamond Growers, No. 1:14–cv–13610–IT (D. Mass.)(filed September 11, 2014); Harlam v. Blue Diamond Growers, No. 1:15–cv–00877–MKB–RML (E.D.N.Y.)(filed February 19, 2015); George v. Blue Diamond Growers, No. 4:15–CV–00962 (E.D. Mo.)(filed June 18, 2015; state court case filed on April 20, 2015). On June 7, 2016, Blue Diamond requested a stay of discovery in anticipation of a nationwide settlement agreement ("Settlement Agreement") encompassing all labeling claims against Blue Diamond regarding its Almond Breeze products and an accompanying motion to stay this action. (Dkt. No. 60.) Discovery in this action was then stayed in anticipation of the forthcoming Settlement Agreement.

The plaintiffs in the Melvin, Townsend, Vass, and Harlam actions reached a Settlement Agreement to resolve all labeling claims against Blue Diamond regarding its Almond Breeze Products. (Dkt. No. 79–1.) The Settlement Agreement describes the settlement class that can obtain relief under the agreement as:

> [A]ll Persons who Purchased in the United States from May 28, 2009 up to and including the date of entry of the Preliminary Approval Order, Blue Diamond Almond Breeze and/or Blue Diamond Nut–Thins Products which were manufactured, advertised, or sold by Defendant Blue Diamond growers which (1) bore the labeling statement "All Natural" or "Natural" on any portion of the packaging other than the ingredients list; (2) contained the ingredient statement Evaporated Cane Juice; (3) contained an endorsement from the American Heart Association; and/or (4) did not specifically disclose the amount or percentage of almonds in the product. (Id. at ¶ 34.)

The Townsend plaintiffs moved for preliminary approval of the settlement agreement on November 17, 2016, and the preliminary approval was subsequently granted. (Dkt. No. 79–3.) On November 21, 2016, following the granting of the preliminary approval, Blue Diamond filed its motion to stay in this action. (Dkt. No. 75.) Due to a filing error, the initial motion was terminated and Blue Diamond properly refiled this Motion on December 8, 2016. (Dkt. No. 77.) In its Motion, Blue Diamond argues that: (1) the settlement at issue in the parallel action, Townsend, encompasses this claim; (2) this action should be stayed pending final entry of the Settlement Agreement, which impacts the claims in this litigation; (3) Blue Diamond would be prejudiced if a stay was not entered; and (4) a stay will conserve judicial resources and promote the public interest.

Plaintiffs' Opposition to Blue Diamond's Motion ("Opposition," Dkt. 80) argues that: (1) this action is the first filed and the only case to address false misrepresentations of almond content; (2) Blue Diamond is attempting to evade review by federal courts by moving for a stay; and (3) the preliminary approval order submitted in Townsend is inadequate.

Blue Diamond, in its Reply in Support of this Motion ("Reply"), argues that: (1) the nationwide class settlement resolves all claims regarding labeling on Blue Diamond's Almond Breeze products, including those claims at issue in this case; (2) Blue Diamond is not attempting to evade feder-

al court review; (3) Plaintiffs' objections regarding the preliminary approval order do not provide a basis for denying the requested stay; and (4) there is no legal basis for enjoining the <u>Townsend</u> action. (Dkt. No. 82.)

## II. STANDARD OF REVIEW

The Supreme Court has made clear that because a "stay is an intrusion into the ordinary processes of administration and judicial review," it is "not a matter of right[;]" rather, it is an "exercise of judicial discretion." <u>Nken v. Holder</u>, 556 U.S. 418, 427, 433, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009) (internal quotation marks omitted); <u>see also</u> <u>Maldonado–Padilla v. Holder</u>, 651 F.3d 325, 327 (2d Cir. 2011).

"Courts routinely exercise this power and grant stays when a pending nationwide settlement could impact the claims in the case before them." <u>In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.</u>, 99 F.Supp.3d 288, 315 (E.D.N.Y. 2015)(internal quotation marks omitted); <u>see also</u> <u>Ali v. Wells Fargo Bank, N.A.</u>, No. CIV-13-876-D, 2014 WL 819385, at *3 (W.D. Okla. Mar. 3, 2014) (granting a stay pending a settlement in parallel action based on the same factual predicate); <u>Lindley v. Life Investors Ins. Co. of America</u>, NOS. 08–CV–0379 (CVE) (PJC), 09–CV–0429, 2009 WL 3296498 (N.D. Okla. Oct. 9, 2009)( granting stay pending result of fairness hearing of class-wide settlement in similar case); <u>In re RC2 Corp. Toy Lead Paint Products Liability Litigation</u>, No. 07 C 7184 (HDL), MDL No. 1893, 2008 WL 548772 (N.D. Ill. Feb. 20, 2008) (granting stay pending final approval of settlement in another action involving similar putative classes and claims).

■ Courts consider five factors when determining whether to grant a stay: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." <u>Kappel v. Comfort</u>, 914 F.Supp. 1056, 1059 (S.D.N.Y. 1996).

## III. DISCUSSION

■ The complaint in this case is based on alleged misrepresentations by Blue Diamond regarding the amount of almonds contained in its products as well as Blue Diamond's claims that its products were heart healthy. Plaintiffs contend that, as their claims focus on almond content and not Blue Diamond's misrepresentations that the products were "all natural," their claims are thus separate and distinct from those encompassed in the Settlement Agreement.

■ While the Settlement Agreement does, indeed, contemplate a broader range of claims than Plaintiffs raise here, including claims regarding Blue Diamond's "all natural" labeling, ingredient statements, and endorsements from the American Heart Association, it also encompasses Plaintiffs' specific almond content-based claims. (<u>See</u> Dkt. 71–9). The Second Circuit has held that "class action releases may include claims not presented and even those which could not have been presented as long as the released conduct arises out of the 'identical factual predicate' as the settled conduct." <u>Wal–Mart Stores, Inc. v. Visa U.S.A., Inc.</u>, 396 F.3d 96, 107 (2d Cir. 2005)(citing <u>TBK Partners, Ltd. v. W. Union Corp.</u>, 675 F.2d 456, 460 (2d Cir. 1982)). Furthermore, "parties and claims need not be identical in order for one action to be stayed or dismissed in deference to an earlier action." <u>Caspian Invest-</u>

ments, Ltd. v. Vicom Holdings, Ltd., 770 F.Supp. 880, 884 (S.D.N.Y. 1991).

The claims at issue in the Townsend action are based on the same set of facts surrounding Blue Diamond's alleged false misrepresentations about its products as the claims at issue in this case. The Third Amended Complaint in the Townsend action raises the same claims regarding false advertisement of the almond content in Blue Diamond's products that Plaintiffs raise here. (See Dkt. No. 79–2, ¶ 6.) The Settlement Agreement clearly defines the settlement class as individuals who purchased Blue Diamond Almond Breeze and/or Blue Diamond Nut Thins Products from May 28, 2009 until the entry of the Preliminary Approval Order that, among other things, "did not specifically disclose the amount or percentage of almonds in the product." (Dkt. No. 71–9.) The Settlement Agreement contemplates the claims Plaintiffs raise in this action and would provide relief to Plaintiffs for those claims.

Given that Plaintiffs' claims are encompassed by both the Settlement Agreement and the Third Amended Complaint in the Townsend action, the Court is persuaded that a stay in this case is in the interest of judicial economy. Proceeding with this case while a potential nationwide settlement that encompasses Plaintiffs' claims is pending would cause the parties to expend considerable resources conducting discovery and briefing motions that may be unnecessary. Such expense would unduly burden Blue Diamond as well as this Court. Furthermore, a stay in this case would promote the interests of non-parties and the public to conserve judicial resources and promote judicial economy. Finally, a stay in this case will not prejudice Plaintiffs. If the Settlement Agreement is not approved, Plaintiffs can move to lift the stay and continue to pursue their claims in this case.

Weighing all of the relevant factors, and considering that the Settlement Agreement encompasses all of Plaintiffs' claims in this case, the Court finds that a stay in these proceedings would promote the interests of the Court, persons not parties to this civil litigation, the public interest, and Blue Diamond, while not unfairly prejudicing Plaintiffs. Accordingly, Blue Diamond's Motion is hereby **GRANTED**.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Motion (Dkt. No. 77) of Defendant Blue Diamond Growers ("Blue Diamond") to stay this action pending approval of settlement proceedings in a parallel action is **GRANTED**.

**SO ORDERED.**