# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2024

Lyle W. Cayce
Clerk

———————

No. 22-60642

———————

Jianrong Wong,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

———————————————————————

Appeal from the Board of Immigration Appeals
Agency No. A208 597 413

———————————————————————

Before Clement, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jianrong Wong, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his applications for asylum, withholding of removal, and relief under the convention against torture ("CAT"). Because the BIA erred in applying Ninth Circuit precedent to Wong's case, we VACATE the BIA's denial of Wong's applications and REMAND the case with instructions.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60642

I.

Wong entered the United States on September 25, 2015, in Southern California. Upon being apprehended, he immediately expressed fear of returning to China and was given a credible fear interview. The Department of Homeland Security ("DHS") issued a Notice to Appear alleging that Wong was subject to removal pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant who, at the time of application for admission, was not in possession of a valid entry document. On November 25, 2015, Wong appeared, with counsel, at the Los Angeles Immigration Court, and admitted the allegations in the Notice. On December 3, 2015, Wong timely filed an I-589 asylum application. The asylum claim was based on Wong's persecution for practicing his religion in China.

The Immigration Judge held a removal hearing on February 1, 2016. Wong testified that he was Christian, started practicing his religion on March 7, 2015, and attended registered church gatherings on five occasions while in China. He testified that, at the urge of his friend, he also attended an unregistered "house" church gathering on April 13, 2015. Wong claims that, while at the gathering, they were reading the Bible and praying when the police kicked in the door and stated that Wong and the others were engaging in illegal activities of an evil cult. Wong testified that he and the others were arrested and that he was detained, slapped, interrogated, had light shined in his eyes, and was locked in a small room where the temperature was turned very low. He was held overnight. The next day his parents had to pay 5,000 RMBs for his release. He was warned by police that he would be sentenced to jail if he continued to attend unregistered religious gatherings. Wong testified that the cold temperatures in detention led him to become ill and that he sought medical treatment. Wong testified that, after reporting to the police for seven weeks, he was forced to flee to another area of China and eventually left China for the United States.

No. 22-60642

The IJ denied Wong's applications for asylum, withholding of removal, and relief under CAT on May 9, 2016. Wong timely appealed to the BIA, which remanded the case to the IJ for further consideration of Wong's past persecution claim. The BIA also noted that the IJ did not make a credibility finding and Wong, therefore, has a rebuttable presumption of credibility on appeal. Following remand, the IJ granted Wong bond. Wong subsequently moved to Oklahoma and the DHS filed a motion to change venue from Los Angeles to Dallas, Texas.[1] The IJ granted DHS's motion to change venue.

A master hearing was held at the Dallas Immigration Court on October 11, 2017. Wong, through counsel, stated that he did not believe that further testimony was needed and that both pre- and post-remand evidence existed in the record. The parties also discussed with the Dallas IJ transferring the case back to Los Angeles. The Dallas IJ agreed to speak with the court administrator about transferring the case.

The case was never transferred back to Los Angeles and, on October 11, 2018, the Dallas IJ denied Wong's applications for asylum, withholding of removal, and CAT protection. The Dallas IJ dropped the following footnote in her opinion:

> Here, jurisdiction remains with the Ninth Circuit Court of Appeals, although venue was changed from the Los Angeles Immigration Court to the Dallas Immigration Court. "The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA § 242(b)(2). Although the BIA remanded the record and the Court, who is under jurisdiction

---

[1] Where Wong lives in Oklahoma is under the administrative control of the Dallas Immigration Court.

of the Fifth Circuit, has been assigned the case, *an IJ in Los Angeles "completed the proceedings" in Los Angeles*, California, by accepting evidence into the record, including [Wong's] testimony, and rendering an oral decision on the merits of this case. Moreover, the parties agreed post-remand that no further hearing on the merits is necessary and that the Court may render its decision on the existing record, which includes post-remand evidence of updated country conditions. Thus, the Court finds that jurisdiction remains in the Ninth Circuit. *See, e.g.*, *Bibiano v. Lynch*, 834 F.3d 966, 971-73 (9th Cir. 2016) (holding that, consistent with nine other federal circuits, including the Fifth Circuit, INA § 242(b)(2), requiring petition for review of orders of removal be filed with the court of appeals for the judicial circuit in which the IJ completed the proceedings, is a non-jurisdictional venue provision, and thus, the Ninth Circuit had jurisdiction over the applicant's claim even if venue was proper in the Eleventh Circuit). Accordingly, *the Court will apply Ninth Circuit law* in rendering its decision regarding [Wong's] applications for relief.

ROA.82 n.1 (emphasis added). As noted above, the Dallas IJ applied Ninth Circuit precedent to her opinion. The Dallas IJ denied Wong's applications based on an adverse credibility determination and, in the alternative, presuming Wong was credible, on the merits.

Wong appealed the decision to the BIA, which dismissed the appeal on November 18, 2022. The BIA applied Ninth Circuit precedent and noted that "precedent decisions within the jurisdiction of the Ninth Circuit remain controlling this case." ROA.7 n.2. The BIA did not make a ruling on Wong's credibility, and assumed for the purpose of the decision he was credible. The BIA determined: (1) Wong's harm that he suffered did not rise to the level of past persecution; (2) Wong was not singled out for persecution on account of any protected ground under the Immigration and Nationality Act upon return to China; (3) the evidence did not demonstrate that there was a pattern

or practice in persecution of people similarly situated to Wong throughout the country of China; and (4) with regards to the claim for protection under CAT, Wong did not demonstrate that it is more likely than not that he will be tortured upon return to China. The BIA therefore dismissed Wong's appeal. Wong now seeks review of that decision.

## II.

On appeal to this court, and aside from the merits, Wong concedes venue is proper. He does claim, however, that the Dallas IJ and BIA concluded that Ninth Circuit precedent is controlling because the case was initiated and heard in Los Angeles, and the parties agreed that venue should remain in the Ninth Circuit. Wong thus applies Ninth Circuit precedent throughout his opening brief. Citing *Adeeko v. Garland*, 3 F.4th 741, 746 (5th Cir. 2021), DHS does not contest venue. DHS does argue, however, that the correct law is that of the Fifth Circuit. In reply, Wong claims that *Adeeko* is distinguishable since it involved a legal question rather than application of the evidentiary standard of review, but asserts that under either circuit, remand is warranted.

The governing venue statute provides that judicial review of a final order of removal "shall be filed with the court of appeals for the judicial circuit in which the immigration judge *completed the proceedings*." 8 U.S.C. § 1252(b)(2) (emphasis added). This circuit and others interpret Section 1252(b)(2) as a non-jurisdictional venue provision. *Jama v. Gonzalez*, 431 F.3d 230, 233 n.3 (5th Cir. 2005) (per curiam); *Yang You Lee v. Lynch*, 791 F.3d 1261, 1263-64 (10th Cir. 2015); *Thiam v. Holder*, 677 F.3d 299, 302 (6th Cir. 2012); *Sorcia v. Holder*, 643 F.3d 117, 121 (4th Cir. 2011); *Avila v. U.S. Att'y Gen.*, 560 F.3d 1281, 1284 (11th Cir. 2009) (per curiam); *Khouzam v. Att'y Gen.*, 549 F.3d 235, 249 (3d Cir. 2008); *Moreno-Bravo v. Gonzalez*, 463 F.3d 253, 258-62 (2d Cir. 2006); *Georcely v. Ashcroft*, 375 F.3d 45, 49 (1st Cir.

2004); *Nwaokolo v. I.N.S.*, 314 F.3d 303, 306 n.2 (7th Cir. 2002) (per curiam). Both the Dallas IJ and the BIA concluded that the Ninth Circuit was the proper venue—although they incorrectly referred to jurisdiction—and the BIA erroneously stated that venue had been transferred back to Los Angeles. The Dallas IJ reasoned that the "IJ in Los Angeles 'completed the proceedings' in Los Angeles, California." ROA.82 n.1. The BIA mentioned that the "[p]roceedings in this case were initiated and the merits hearing was conducted in Los Angeles, California, within the jurisdiction of the [Ninth Circuit]." ROA.7 n.2. But whether venue is proper turns on where the proceedings were completed. 8 U.S.C. § 1252(b)(2).

Reading the plain text of Section 1252(b)(2), "completed the proceedings" connotes where the final order was issued.[2] In other words, here, the IJ "completed the proceedings" in Dallas. The Tenth Circuit's decision of *Yang You Lee* is persuasive because the court there analyzed where the IJ held the final hearing (Dallas), where the petitioner and the government's representation physically appeared for the final hearing (Dallas), and that the IJ issued his final order from the Dallas Immigration Court. 791 F.3d at 1264. While the case commenced in Los Angeles, *see* 8 C.F.R. § 1003.14(a), the IJ transferred it to Dallas. *See* 8 C.F.R. § 1003.20(b). Thus, this case is properly before this court. This holding aligns with other circuits' reasoning. *See, e.g.*, *Bazile v. Garland*, 76 F.4th 5, 14 (1st Cir. 2023); *Sarr v. Garland*, 50 F.4th 326, 332 (2d Cir. 2022).

Because venue is proper in this circuit, our precedent applies—not the Ninth Circuit's precedent. *Peters v. Ashcroft*, 383 F.3d 302, 305 n.2 (5th Cir.

---

[2] *Complete*, Merriam-Webster.com; https://www.merriam-webster.com/dictionary/complete (last visited Dec. 11, 2023) (defined as "to bring to an end . . . to make whole").

2004) ("only this circuit's precedents (and those of the Supreme Court) bind the BIA when considering an appeal from an immigration judge in the Fifth Circuit"). The BIA applied the wrong legal standard. In such cases, the Supreme Court instructs courts to remand the matter back to the agency that made the legal error in its opinion. *Calcutt v. Fed. Deposit Ins. Corp.*, 598 U.S. 623, 629 (2023) (per curiam) ("[I]f the grounds propounded by the agency for its decision 'are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.'") (citing *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

The BIA's denial of Wong's applications is therefore VACATED and the case is REMANDED. The BIA is directed to apply Fifth Circuit precedent consistent with this opinion.