11-96-ag
Diallo v. Holder

BIA
Pazar, IJ
A 096 257 577

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> DENNY CHIN,
> > *Circuit Judges.*

_____

MAMADOU MOUSTAPHA DIALLO,
> *Petitioner,*

> v.                                          11-96-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____


FOR PETITIONER:          Theodore Vialet, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Russell J.E. Verby, Senior
                         Litigation Counsel; Katharine E.
                         Clark, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mamadou Moustapha Diallo, a native and citizen of Guinea, seeks review of a December 16, 2010, decision of the BIA affirming the June 29, 2006, decision of Immigration Judge ("IJ") Charles E. Pazar, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Mamadou Moustapha Diallo*, No. A096 257 577 (B.I.A. Dec. 16, 2010), *aff'g* No. A096 257 577 (Immig. Ct. Memphis Jun. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Diallo failed to exhaust before the BIA any specific challenges to the IJ's adverse credibility determination. In addition to the statutory requirement that petitioners exhaust each category of relief, *see* 8 U.S.C. § 1252(d)(1), we generally will not consider arguments regarding individual issues that were not exhausted before the BIA.

---

[1]Although an IJ in Memphis ruled on Diallo's asylum, withholding of removal, and CAT claims, because Diallo's proceedings concluded in the New York immigration court, venue is proper in this Circuit. 8 U.S.C. § 1252(b)(2).

2

*See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122-23 (2d Cir. 2007). In his brief to this Court, Diallo takes issue, for the first time, with certain of the IJ's specific credibility findings. Because excusing Diallo's failure to exhaust would not serve the purposes of the exhaustion requirement, i.e., to allow the agency to correct its own errors and to develop a full evidentiary record, *see United States v. Copeland*, 376 F.3d 61, 67 (2d Cir. 2004), and because the BIA did not have the benefit of any arguments challenging the findings underlying the IJ's credibility determination, we decline to review Diallo's challenges to the IJ's adverse credibility determination, *see Lin Zhong*, 480 F.3d at 122-23 (reaffirming that this Court "may consider only those issues that formed the basis for [the BIA's] decision"). Diallo's failure to exhaust is fatal to his petition for review as the IJ's adverse credibility finding was a dispositive basis for denying him asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). We deny the petition for review on this basis and decline to reach his challenges to the IJ's nexus determination.

We note that even if we were to reach the IJ's adverse credibility determination, it was supported by substantial

3

evidence given inconsistencies in the record surrounding the date Diallo received a summons (the event that purportedly triggered his departure from Guinea), and his account of whether or not security forces told him that they found arms in his home, *see, e.g., Tu Lin v. Gonzales*, 446 F.3d 395, 402-03 (2d Cir. 2006)*,* as well as his failure to corroborate his claim with evidence of his summons, the destruction of his home, or his injuries, *see Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4