Khan v. Garland

BIA
Hochul, IJ
A213 166 408

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of August, two thousand twenty-three.

PRESENT:
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> > *Circuit Judges.*

_____

ALI REZA KHAN,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

20-3350
NAC

**FOR PETITIONER:**                     Khagendra Gharti-Chhetry, Esq., New York, NY.

**FOR RESPONDENT:**                     Brian Boynton, Acting Assistant Attorney General; Justin Markel, Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ali Reza Khan, a native and citizen of Bangladesh, seeks review of a September 23, 2020 decision of the BIA affirming an April 16, 2020 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ali Reza Khan,* No. A 213 166 408 (B.I.A. Sep. 23, 2020), *aff'g* No. A 213 166 408 (Immigr. Ct. Richwood, LA Apr. 16, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

### I. Venue

The U.S. Court of Appeals for the Fifth Circuit is the proper venue for this case. Although the proceedings were conducted through videoconferencing by an IJ in Buffalo, New York, Khan was detained in Louisiana throughout the

proceedings and the charging documents and hearing notices reflect Louisiana as the location of the proceedings.   Accordingly, venue remained in Louisiana.   *See Sarr v. Garland*, 50 F.4th 326, 329–35 (2d Cir. 2022) (addressing 8 U.S.C. § 1252(b)(2)).   Nevertheless, venue "does not bear on our jurisdiction."   *Id.* at 333. Because the case is fully briefed in this Court and there is no significant difference in the relevant case law, we retain the case and deny the petition on the merits.

## II.   Merits

We need not determine whether Second Circuit or Fifth Circuit law governs the issues here because there is not a significant distinction between the circuits on the dispositive issues.   We have reviewed the IJ's decision as modified by the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018) (holding that the court has "authority to review only the decision of the BIA, not the IJ, unless the IJ's decision influenced the BIA's decision"); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005) (reviewing IJ's decision as modified by the BIA).   The applicable standards of review are well established.   *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Singh*, 880 F.3d at 224 ("We

review an immigration court's findings of fact for substantial evidence."); *Castro v. Holder*, 597 F.3d 93, 99 (2d Cir. 2010) (same).

"To establish eligibility for asylum, an applicant must show that he 'has suffered past persecution' or 'has a well-founded fear of future persecution.'" *Lecaj v. Holder*, 616 F.3d 111, 115 (2d Cir. 2010) (quoting 8 C.F.R. § 1208.13(b)). To constitute persecution, the harm suffered or feared must be by the government or by private actors that the government is unable or unwilling to control. *See Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) ("Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." (quotation marks omitted)); *Bertrand v. Garland*, 36 F.4th 627, 631–32 (5th Cir. 2022) ("Where private actors are concerned, the applicant must show that the government condoned the private violence or at least demonstrated a complete helplessness to protect the applicant." (quotation marks and brackets omitted)).

Khan asserted that members of the Awami League attacked him twice because he supported the Liberal Democratic Party ("LDP") of Bangladesh. The

4

agency did not err in concluding that Khan failed to satisfy his burden of demonstrating that the government of Bangladesh was or would be unable or unwilling to protect him.[1] The fact that his attackers were Awami League members does not alone establish that they were government actors even if the Awami League was the party in power at that time. *See Singh*, 11 F.4th at 115 ("An applicant's allegation that he was persecuted by members of a political party—even one that is in power nationally . . . —does not establish that the applicant was persecuted by the government. Members of a political party are not the government; for mistreatment inflicted by party members to amount to persecution, an applicant must show that the government was unwilling or unable to control the attackers."); *Scarlett v. Barr*, 957 F.3d 316, 331 (2d Cir. 2020) ("[A] close relationship between government officials and private persons may be probative of the formers' unwillingness or inability to control the latter, but the relationship alone does not transform the private persons into government actors."); *Singh v. Whitaker*, 751 F. App'x 565, 567 (5th Cir. 2019) ("Singh's bare assertion that the BJP controlled all of India as the country's ruling party is

---

[1] Because this was the sole basis for the BIA's decision, we do not reach Khan's other arguments. *See Singh*, 880 F.3d at 224; *Xue Hong Yang*, 426 F.3d at 522.

5

insufficient to demonstrate that the government was the persecutor or sponsored the persecution.").

Accordingly, Khan had to demonstrate that the authorities were unable and unwilling to assist him. Khan said he did not report the first attack to the police because LDP leaders advised against it. He said he and his father reported the second attack, but the police refused to act because the Awami League was in power and warned that the police would file a case against them if they complained about the Awami League again. However, as the IJ pointed out, Khan did not corroborate this report with a statement from his father. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."). The record does not compel us to find that such evidence was not available. *See id.* § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). The IJ was not compelled to accept Khan's explanation that his father was in hiding because he

6

did not previously mention that fact, nor was it mentioned in his mother's letter. As the BIA noted, Khan alleged no further attempts to obtain assistance or protection.

Although "a failure to ask for police help is not enough, by itself, to preclude" a finding that the government would be unwilling to protect, *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593 (2d Cir. 2021) (quotation marks omitted),  Khan has not "reinforced" his claims with objective evidence such as "articles from newspapers and other sources that report discrimination by [government] authorities," *Pavlova v. INS*, 441 F.3d 82, 92 (2d Cir. 2006).  Given Khan's burden to establish that the government condoned or was completely helpless to protect him, the agency reasonably concluded that his one uncorroborated report to the local police was insufficient to meet his burden for asylum or withholding of removal.  *See Scarlett*, 957 F.3d at 331 (noting that "the unwilling-or-unable standard requires an applicant to show more than government failure to act on a particular report of an individual crime, or difficulty controlling private behavior" (alterations adopted and quotations omitted)); *Bertrand*, 36 F.4th at 631–32.

Khan has not separately developed an argument for CAT relief; accordingly, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005). Moreover, the agency's decision as to asylum and withholding of removal is dispositive because Khan's CAT claims rested on the same factual basis. *See Lecaj*, 616 F.3d at 119–20 (holding that an applicant who fails to meet the standard for asylum "necessarily" fails to meet the higher standard for withholding of removal and CAT relief).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8