Sarr v. Garland

BIA
Baumgarten, IJ
A203 601 689

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of August, two thousand twenty-three.

PRESENT:
> **GERARD E. LYNCH,**
> **RAYMOND J. LOHIER, JR.,**
> **EUNICE C. LEE,**
> > *Circuit Judges.*

_____

**MAMADOU AMADOU SARR,**
> *Petitioner,*

> v.                                                              **20-3836**
>                                                                  **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:**              Lara Nochomovitz, LSN Legal LLC, Chagrin Falls, OH.

**FOR RESPONDENT:**        Brian Boynton, Principal Deputy Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Kevin J. Conway, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mamadou Amadou Sarr, a native and citizen of Mauritania, seeks review of an October 16, 2020, decision of the BIA affirming an April 22, 2020, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Amadou Sarr*, No. A203 601 689 (B.I.A. Oct. 16, 2020), *aff'g* No. A203 601 689 (Immigr. Ct. Richwood, LA Apr. 22, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered the IJ's credibility and corroboration findings that the BIA relied on. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Arulnanthy v. Garland*, 17 F.4th 586,

2

592 (5th Cir. 2021).[1] We review factual findings, including adverse credibility determinations, for substantial evidence. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing factual findings "under the substantial evidence standard"); *Arulnanthy*, 17 F.4th at 592 (same). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We need not reach Sarr's challenge to the agency's adverse credibility determination because, even assuming that the agency's credibility finding was not supported by substantial evidence, the agency's alternative finding that Sarr failed to provide sufficient corroborating evidence is dispositive. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Gurung v. Barr*, 929 F.3d 56, 61 (2d Cir. 2019) (recognizing that remand to correct an error is not required if "remand would be futile"); *Jaco v. Garland*, 24 F.4th 395, 406 (5th Cir. 2021) (same).

---

[1] The BIA relied on Fifth Circuit law because removal proceedings against Sarr were commenced and completed in Louisiana. In a previous decision regarding the proper venue for Sarr's motion for stay of removal, we concluded that the Fifth Circuit is the proper venue for Sarr's petition but declined to transfer his petition in the interest of justice. *Sarr v. Garland*, 50 F.4th 326, 332 (2d Cir. 2022). In the instant appeal, the parties do not argue that the choice of whether to apply Second Circuit or Fifth Circuit law dictates the merits of Sarr's petition or that there are any relevant differences in the precedent of either circuit.

To establish eligibility for asylum, an applicant must show that he "has suffered past persecution" or "has a well-founded fear of future persecution." 8 C.F.R. § 1208.13(b). "An applicant who has been found to have established . . . past persecution shall also be presumed to have a well-founded fear of [future] persecution on the basis of the original claim." *Id.* § 1208.13(b)(1). Absent past persecution, a noncitizen may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. *Id.* § 1208.13(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To do so, an applicant must show either a reasonable possibility that he will be "singled out" for persecution or that the country of removal has a "pattern or practice" of persecuting "similarly situated" individuals. 8 C.F.R. § 1208.13(b)(2)(iii).

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C); *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018); *Avelar-Oliva v. Barr*, 954 F.3d 757, 764, 771 (5th Cir. 2020). "Where the trier of fact determines that the applicant should provide evidence that

4

corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C). "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." *Id.* § 1252(b)(4). The agency did not err in concluding that Sarr failed to satisfy his burden of proof.

The agency did not err in requiring evidence to corroborate Sarr's claims of past persecution and fear of future harm given his questionable demeanor and the fact that his testimony was not particularly detailed or persuasive. *See id.* § 1158(b)(1)(B)(ii). We afford "particular deference" to an IJ's demeanor findings. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005); *see also Yanfen Wang v. Holder*, 569 F.3d 531, 539 (5th Cir. 2009).

As the agency found, Sarr did not provide personalized evidence to corroborate his ethnicity, his account of being enslaved, or his assertion that his former enslaver is looking for him in Mauritania. Rather, he relied entirely on general country conditions, which could not corroborate those aspects of his

claims.[2]  *See id.*

Sarr argues that the BIA failed to address, independent of credibility, whether he established a well-founded fear of persecution.  In particular, he argues that, because the parties stipulated to his ethnicity and the IJ found that the stipulated ethnicity faces a pattern or practice of slavery, he has a well-founded fear of persecution.   Contrary to Sarr's contention, the BIA addressed his claim of a well-founded fear of persecution and agreed with the IJ that, even if credible, Sarr failed to adequately corroborate that claim.   Further, the agency reasonably found that Sarr failed to satisfy his burden of showing that he belongs to an ethnic group that is subject to slavery in Mauritania.   The Government and Sarr stipulated that Sarr would testify consistently with his application regarding the biographic facts provided but, contrary to Sarr's argument, they did not stipulate as to the truth of those facts.

[2]  We address only whether Sarr met his burden to establish a fear of future persecution because he does not challenge the agency's finding that he failed to adequately corroborate his claim of past persecution so as to establish a presumption of future persecution.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (stating that petitioner abandons claim by not raising it in his brief); *Sharma v. Holder*, 729 F.3d 407, 411 n.1 (5th Cir. 2013) (same).

The agency did not err in finding that Sarr failed to provide reasonably available evidence corroborating that he belongs to an ethnic group that is enslaved in Mauritania because, despite leaving that country using a Mauritanian identification card and passport, he did not submit those documents to corroborate his identity. Because Sarr failed to submit any evidence to corroborate his ethnicity, the agency did not err in concluding that he failed to satisfy his burden of proof to establish that he would be singled out for persecution or would be subjected to a pattern or practice of persecution on account of ethnicity. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); 8 C.F.R. § 1208.13(b)(2)(iii). Sarr's failure to corroborate his ethnicity is dispositive regardless of what ethnicity he claims to be, or the agency found him to be, both of which have changed over the course of his proceedings.

Because Sarr did not corroborate his claim that he was enslaved in Mauritania, that his former enslaver remains interested in him, or that he would be singled out for persecution or subject to a pattern or practice of persecution on account of his ethnicity, the agency did not err in finding that Sarr failed to satisfy his burden of establishing past persecution or a well-founded fear of persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Those findings were dispositive of asylum,

7

withholding of removal, and CAT relief because all three claims were based on the same factual predicate.  *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (an applicant who fails to show sufficient risk of harm for asylum "necessarily fails" to meet the higher burdens for withholding of removal and CAT relief); *Ghotra v. Whitaker*, 912 F.3d 284, 289–90 (5th Cir. 2019) (denying withholding of removal and CAT relief where applicant failed to meet burden for asylum based on lack of credible testimony or corroborating evidence and all claims were "premised on the same factual situation").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court