Padron Rincon v. Garland

BIA
Hoover, IJ
A201 451 529

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand twenty-three.

PRESENT:
 JON O. NEWMAN,
 DENNY CHIN,
 MICHAEL H. PARK,
  *Circuit Judges.*

_____

NESTOR ALBERTO PADRON RINCON,
  *Petitioner,*

 v.                                                      **21-6104**
                                                         **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
  *Respondent.*

_____

**FOR PETITIONER:**                   Kenneth A. Mayeaux, Baton Rouge, LA.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Yanal H. Yousef, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nestor Alberto Padron Rincon, a native and citizen of Venezuela, seeks review of a July 23, 2020, decision of the BIA affirming a November 21, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nestor Alberto Padron Rincon*, No. A 201 451 529 (B.I.A. July 23, 2020), *aff'g* No. A 201 451 529 (Immig. Ct. Richwood, LA Nov. 21, 2019).[1] We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of

---

[1] The U.S. Court of Appeals for the Fifth Circuit is the proper venue for this case because the proceedings were docketed and completed in Louisiana. *See Sarr v. Garland*, 50 F.4th 326, 329–35 (2d Cir. 2022). We have retained the case because venue is not jurisdictional, and the Fifth Circuit transferred the case here.

review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to fact de novo); *Gjolaj v. Bureau of Citizenship & Immigr. Servs.*, 468 F.3d 140, 143 (2d Cir. 2006) (reviewing a nexus determination for substantial evidence); *see also Thuri v. Ashcroft*, 380 F.3d 788, 792 (5th Cir. 2004) ("For us to reject the IJ's conclusion that [petitioner] was not persecuted on account of political opinion, the evidence presented by [petitioner] must have been so compelling that a reasonable factfinder could not fail to find that her persecutors were motivated, at least in part, by a political opinion held by her or imputed to her.").

To establish eligibility for asylum and withholding of removal, an applicant has the burden to "establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 108–14 (2d Cir. 2022). Padron Rincon asserted past persecution on account of his and his father's opposition to

the Venezuelan government. The agency did not err in finding that Padron Rincon failed to establish that he was or would be targeted on account of his political opinion (actual or imputed from his father) because the evidence reflects that his harm was linked to a land dispute between his father and a communal council. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

To demonstrate that persecution (past or prospective) bears a nexus to an applicant's political opinion, "[t]he applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political beliefs," rather than merely from the persecutor's own opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). "The persecution may also be on account of an opinion *imputed* to the applicant by the persecutor, regardless of whether or not this imputation is accurate." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020). "Where the dispute is such that the asylum seeker did not merely seek economic advantage but mounted a challenge to the legitimacy and authority of the ruling regime itself, and where the applicant

4

can show that this 'political threat' is the motive for the persecution perpetrated or feared, the applicant can meet the definition of a 'refugee.'" *Yueqing Zhang*, 426 F.3d at 547 (citing *Osorio v. INS*, 18 F.3d 1017, 1029 (2d Cir. 1994)); *see also Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 352 (5th Cir. 2002) (distinguishing between *Osorio* where "the direct government connection cast a political shadow over an otherwise largely economic claim," from a case where the facts "suggest[ed] that the landlords neither hated [the petitioner] for his general political opposition to the moneyed elites nor wished to silence his impassioned speeches; they just wanted him off the land so they could develop it").

Padron Rincon asserts that the agency overlooked evidence that his family was involved in longstanding political opposition in Venezuela. But there was little specific evidence of sustained opposition. Apart from his father's participation in strikes and firing in 2002 or 2003 (in protest of a prior regime), the evidence consisted of general assertions that his father joined political organizations and demanded justice following his other son's murder, and that Padron Rincon started to "participate in the opposition" when he was "more of an adult" in 2017. Padron Rincon's father asserted that he was a member of activist groups and *collaborated with communal councils*, but did not specify what actions he

took between 2002 and 2013 other than the strike.   Certified Admin. Record at 229

(Affidavit).   Instead, he stated that a communal council demanded 50% of his

property in 2013 because his contributions had not been sufficient and because he

was a political activist, and Padron Rincon testified that the council wanted the

land to build housing adjacent to the town for "political benefits."   *Id.* at 143

(Transcript), 229.   When the council refused to negotiate a lower percentage,

Padron Rincon's father sold to a third party.   *Id.* at 140–45 (Transcript), 229.

While there is a government element to the land dispute, the failed

negotiation with the community council and subsequent selling of the land does

not compel the conclusion that Padron Rincon's father's actions amounted to more

than "merely seek[ing] economic advantage."   *Yueqing Zhang*, 426 F.3d at 546.

The record does not establish that Padron Rincon's father's decision about the land

was more than economic.   *Id.* at 548.   Moreover, neither Padron Rincon nor his

father provided details about his father's alleged political activities leading up to

the demand for the land in 2013, and his father indicated that he had collaborated

with the council previously.   *Cf. id.*; *see also Ontunez-Tursios*, 303 F.3d at 352

(affirming agency finding of no past persecution where ". . . landlords neither

hated [the petitioner] for his general political opposition to the moneyed elites nor

6

wished to silence his impassioned speeches; they just wanted him off the land so they could develop it.").

Padron Rincon also requests remand for the agency to consider whether he can state a claim based on membership in his family as a particular social group. He asserts that remand is warranted because *Matter of L-E-A-*, 28 I. & N. Dec. 304 (A.G. 2021), vacated a prior Attorney General's holding (vacating an earlier BIA decision) that a family generally will not qualify as a particular social group, *Matter of L-E-A-*, 27 I & N. Dec. 581 (A.G. 2019). The Government asserts that he did not exhaust a family-based claim before the agency and that his recourse is to move to reopen with the BIA.

"A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). This provision is meant "to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1112 (2023) (quotation marks omitted). Because the Government has raised exhaustion as a defense, we decline to consider the claim. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 117–25 (2d Cir. 2007) (explaining that our review is limited to the reasons given by the

agency), *abrogated on other grounds by Santos-Zacaria*, 143 S. Ct. at 1112.

Because the nexus determination is dispositive of asylum and withholding of removal, *see* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A), we do not reach the agency's conclusion that Padron Rincon's past harm did not rise to the level of persecution, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Padron Rincon has not challenged the agency's denial of his CAT claim. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *see also Yueqing Zhang*, 426 F.3d at 541 n.1 (same).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8