Figueroa v. Garland

BIA
O'Sullivan, IJ
A214 700 882

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty-three.

PRESENT:
　　　REENA RAGGI,
　　　RAYMOND J. LOHIER, JR.,
　　　SUSAN L. CARNEY,
　　　　　*Circuit Judges.*
_____

METODIO GUZMAN FIGUEROA,
　　　*Petitioner*,

　　　v.　　　　　　　　　　　　　　　　　　　　　**21-6216**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
　　　*Respondent*.
_____

**FOR PETITIONER:** Erin O'Neil-Baker, O'Neil Baker Law, LLC, Hartford, CT

**FOR RESPONDENT:** Brian Boynton, Principal Assistant Attorney General, Civil Division; Justin R. Markel, Senior Litigation Counsel; Brooke M. Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Metodio Guzman Figueroa, a native and citizen of Mexico, seeks review of a March 25, 2021 decision of the BIA denying his application for cancellation of removal. *In re Metodio Guzman Figueroa*, No. A 214 700 882 (B.I.A. Mar. 25, 2021), *rev'g* No. A 214 700 882 (Immig. Ct. Boston May 28, 2020).[1] In particular, Figueroa challenges the BIA's decision reversing the determination of an Immigration Judge granting his application for would cause his wife, a United

---

[1] The United States Court of Appeals for the First Circuit is the proper venue for this case because proceedings were completed in Boston. *See* 8 U.S.C. § 1252(b)(2). We have retained Figueroa's case, however, "in the interest of justice," *Sarr v. Garland*, 50 F.4th 326, 333–34 (2d Cir. 2022), because the proceedings before us have been extensive and because the parties have not challenged venue, *see Moreno-Bravo v. Gonzalez*, 463 F.3d 253, 262 (2d Cir. 2006) (8 U.S.C. § 1252(b)(2) "is a venue provision, not a jurisdictional one. We therefore are not compelled to dismiss or transfer the petition, and in the circumstances here presented, we decline to do so.").

States citizen, "exceptional and extremely unusual hardship." *See In re Metodio Guzman Figueroa,* No. A 214 700 882 (B.I.A. Mar. 25, 2021). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to dismiss.

We review the BIA's decision as the final agency determination. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). To be eligible for cancellation of removal, Figueroa had the burden of establishing that his removal would cause his wife, a United States citizen, "exceptional and extremely unusual hardship." 8 U.S.C. §§ 1229a(c)(4)(A)(i) (placing burden on applicant for relief), 1229b(b)(1)(D) (hardship requirement). To meet this standard, Figueroa was required to "establish that his qualifying relative[] would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001). The agency considers hardship factors in the aggregate, including "the ages, health, and circumstances of qualifying . . . relatives." *Id.* at 63. "A lower standard of living or adverse country conditions in the country of return are factors to consider only insofar as they may affect a qualifying relative, but generally will be insufficient in themselves to support a

finding of exceptional and extremely unusual hardship." *Id.* at 63–64.

More generally, however, our jurisdiction to review the BIA's denial of cancellation of removal on any basis is limited to "constitutional claims or questions of law." 8 U.S.C. §§ 1252(a)(2)(D), (a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022) (holding that the jurisdictional limitation in § 1252(a)(2)(B)(i) applies to the ultimate determination of whether to grant relief and any underlying judgments relating to that determination). Thus, a hardship determination is a "discretionary judgment" that we lack jurisdiction to review absent a "colorable" constitutional claim or question of law. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39–40 (2d Cir. 2007); *De La Vega v. Gonzales*, 436 F.3d 141, 145–46 (2d Cir. 2006).

A colorable question of law might arise where the agency's discretionary decision is "argued to be an abuse of discretion because it was made without rational justification or based on a legally erroneous standard," *Barco-Sandoval*, 516 F.3d at 39, or where the agency has "totally overlooked" evidence or "seriously mischaracterized" facts, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). A challenge to the IJ's assessment of the weight of the evidence or balancing of factors, by contrast, will not raise a question of law that we can review. *See*

*Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010); *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 330–32, 342 (2d Cir. 2006).

We conclude that Figueroa has failed to identify a colorable question of law arising from the agency's discretionary decision to deny cancellation of removal. The BIA reviewed Figueroa's testimony that his wife had earned a degree in voice performance and wanted to pursue a career in musical performance in the United States. The BIA concluded, however, that her difficulty pursuing such a career in Mexico did not rise to the level of "exceptional and extremely unusual hardship" that is "substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 65. In making its determination, the BIA applied the correct standard, namely, that difficulty finding employment in a "trade or profession . . . is not sufficient to justify a grant of relief in the absence of other substantial equities," especially where, as here, "[t]he additional factors needed to combine with economic detriment . . . are missing." *In re Pilch*, 21 I. & N. Dec. 627, 631 (B.I.A. 1996); *see In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (B.I.A. 2002) ("[I]t has long been settled that economic detriment alone is insufficient to support even a finding of extreme hardship.").

Figueroa also argued that he was entitled to cancellation of removal because, if forced to move to Mexico, he and his wife would have to live in his father's small home. But "it has long been settled that economic detriment alone is insufficient" to support a finding of the requisite hardship. *In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (B.I.A. 2002).

Finally, in determining that Figueroa was ineligible for cancellation of removal, the BIA also considered a number of other relevant factors, including country conditions in Mexico, the limited Spanish language skills of Figueroa's wife (including her ability to communicate with Figueroa even though he testified he speaks only "a little" English), the fact that she attended therapy following Figueroa's detention, and her age and ability to work. Citing applicable authority, the BIA concluded that the cumulative harm alleged did not rise to the level of "exceptional and extremely unusual hardship." *See In re Andazola-Rivas*, 23 I. & N. Dec. at 324 (finding that an unmarried mother's difficulty finding work would not cause her accompanying children hardship because she was young and able to work).

Focusing on the BIA's consideration of country conditions in Mexico, Figueroa argues that the BIA minimized the danger his wife will face on account

6

of crime in Mexico. Such an argument poses a challenge to the weight that the agency accorded to evidence of general country conditions in Mexico and does not raise a reviewable question of law. *See Barco–Sandoval*, 516 F.3d at 39 ("[W]e remain deprived of jurisdiction to review decisions under the INA when the petition for review essentially disputes the correctness of an IJ's fact-finding.").

In sum, under the circumstances of this case, the BIA's conclusion that the aggregate hardships faced by Figueroa's wife should she move to Mexico would not pose a "exceptional and extremely unusual hardship" does not raise a question of law that we have jurisdiction to review.

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:

Catherine O'Hagan Wolfe,
Clerk of Court